IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02277–CMA–KMT

STEVEN JOSHUA KARP,

    Plaintiff,

v.

KIRK G. GARRETT, Correctional Officer, Colorado Department of Corrections, and WARDEN (NAME UNKNOWN), Denver Receiving Diagnostic Center, Colorado Department of Corrections,

    Defendants.

## ORDER

This matter is before the court on review of the file and Plaintiff's "Request for Clarification of Court's Order" (Doc. No 37, filed March 3, 2011).

On September 17, 2010, Plaintiff filed his original Prisoner Complaint (Doc. No. 3) asserting claims against Defendant Kirk G. Garrett, Correctional Officer, Colorado Department of Corrections (CDOC); and Warden (Name Unknown), Denver Receiving and Diagnostic Center (DRDC), Colorado Department of Corrections.  On October 25, 2010, Plaintiff's case was dismissed in part and drawn to District Judge Christine M. Arguello. (Doc. No. 5.)  On October 27, 2010, Judge Arguello issued an Order Granting Service by the United States Marshals Service. (Doc. No. 8.)  On October 28, 2010, the Waiver of Service of Summons was returned by the CDOC because there was not enough information to identify the unknown

warden, and Defendant Garrett was no longer employed by the CDOC.  (*See* Doc. No. 9.)  The CDOC did, however, provide a last known address for Defendant Garrett.  (*Id.*)  On November 15, 2010, the United States Marshals Service was again ordered to serve Defendant Garrett at the address provided by the CDOC and to serve the Warden of the DRDC.  (Doc. No. 12.)  On November 26, 2010, the United States Marshals Service provided returned service for Defendant Garrett to the Court unexecuted, stating Defendant Garrett no longer lived at the address provided and that another family now lives at the address.  (Doc. No. 14.)

On December 28, 2010, Plaintiff filed a motion to amend his complaint (Doc. No. 21), which was granted by this court on January 18, 2011 (Doc. No. 29.)  Plaintiff's Amended Complaint again asserts claims against Defendant Kirk G. Garrett, Correctional Officer, Colorado Department of Corrections; and Warden (Name Unknown), Denver Receiving and Diagnostic Center, Colorado Department of Corrections.  (Doc. No. 30.)  On January 18, 2011, this court issued another Order for the United States Marshals Service to serve the defendants. (Doc. No. 32.)  To date, neither defendant has waived service, nor has either defendant been served.

On March 3, 2011, Plaintiff filed a request for clarification of this court's Order Granting Service by United States Marshal.  (Doc. No. 37.)  Plaintiff seeks clarification because Defendant Garrett's "name does not appear on the Certificate of Mailing as[] being served via the U.S. Marshal's [soc] Office or Delivered Electronically or Waived."  (*Id.* at 37.)  However, service of Plaintiff's original complaint was previously attempted, unsuccessfully, on Defendant

Garrett at an address at which he no longer lives.  This court has no other address at which to serve Defendant Garrett.

It is Plaintiff's responsibility to prosecute this action.  Even if service is to be executed by the United States Marshals Service, Plaintiff must provide the court with the proper information to locate Defendant Garrett before Defendant Garrett can be required to answer to this lawsuit.

Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Therefore, it is

**ORDERED** that Plaintiff's "Request for Clarification of Court's Order" (Doc. No 37**)** is GRANTED.  Plaintiff is advised that the United States Marshals Service is in the process of attempting to obtain a waiver of service or personal service of Plaintiff's Amended Complaint on Defendant Warden (Name Unknown) Denver Reception Diagnostic Center (DRDC), Colorado Department of Corrections.  However, no further efforts have been to effect service on Defendant Garrett because the court has no address at which to serve Defendant Garrett.

Plaintiff must provide the Court with an address at which to serve Defendant Garrett in order for service to be effected, pursuant to Fed. R. Civ. P. 4(m), by May 18, 2011.

Dated this 4th day of March, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge