IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02277–CMA–KMT

STEVEN JOSHUA KARP,

    Plaintiff,

v.

KIRK G. GARRETT, Correctional Officer, Colorado Department of Corrections, and
WARDEN (NAME UNKNOWN), Denver Receiving Diagnostic Center, Colorado Department
of Corrections,

    Defendants.

---

## ORDER AND ORDER TO SHOW CAUSE

---

This matter is before the court on Plaintiff's "Motion Requesting Status of Service on Defendant Garrett" (Doc. No. 59, filed June 21, 2011).

On September 17, 2010, Plaintiff filed his original Prisoner Complaint (Doc. No. 3) asserting claims against Defendant Kirk G. Garrett, Correctional Officer, Colorado Department of Corrections (CDOC); and Warden (Name Unknown), Denver Receiving and Diagnostic Center (DRDC), Colorado Department of Corrections. On October 25, 2010, Plaintiff's case was dismissed in part and drawn to District Judge Christine M. Arguello. (Doc. No. 5.) On October 27, 2010, Judge Arguello issued an Order Granting Service by the United States Marshals Services Service. (Doc. No. 8.) On October 28, 2010, the Waiver of Service of Summons was returned by the CDOC because there was not enough information to identify the

unknown warden, and Defendant Garrett was no longer employed by the CDOC.  (*See* Doc. No. 9.)  The CDOC did, however, provide a last known address for Defendant Garrett.  (*Id.*)  On November 15, 2010, the United States Marshals Services Service was again ordered to serve Defendant Garrett at the address provided by the CDOC and to serve the Warden of the DRDC.  (Doc. No. 12.)  On November 26, 2010, the United States Marshals Services Service provided returned service for Defendant Garrett to the Court unexecuted, stating Defendant Garrett no longer lived at the address provided and that another family now lives at the address.  (Doc. No. 14.)

On December 28, 2010, Plaintiff filed a motion to amend his complaint (Doc. No. 21), which was granted by this court on January 18, 2011 (Doc. No. 29.)  Plaintiff's Amended Complaint again asserts claims against Defendant Kirk G. Garrett, Correctional Officer, Colorado Department of Corrections; and Warden (Name Unknown), Denver Receiving and Diagnostic Center, Colorado Department of Corrections.  (Doc. No. 30.)  On January 18, 2011, this court issued another Order for the United States Marshals Services Service to serve the defendants.  (Doc. No. 32.)

On March 3, 2011, Plaintiff filed a request for clarification of this court's Order Granting Service by United States Marshals Service.  (Doc. No. 37.)  Plaintiff sought clarification because Defendant Garrett's "name does not appear on the Certificate of Mailing as[] being served via the U.S. Marshal's [soc] Office or Delivered Electronically or Waived."  (*Id.* at 37.)  The court advised Plaintiff that service of his original complaint was previously attempted, unsuccessfully,

2

on Defendant Garrett at an address at which he no longer lives and that this court has no other address at which to serve Defendant Garrett. (*See* Doc. No. 39.)

This court advised Plaintiff that it is his responsibility to prosecute this action and that, even if service is to be executed by the United States Marshals Services Service, Plaintiff must provide the court with the proper information to locate Defendant Garrett before Defendant Garrett can be required to answer to this lawsuit. (*See id.*) This court also advised Plaintiff that no further efforts had been made to effect service on Defendant Garrett because the court has no address at which to serve Defendant Garrett. (*See id.*) Finally, this court ordered Plaintiff to provide the Court with an address at which to serve Defendant Garrett in order for service to be effected, pursuant to Fed. R. Civ. P. 4(m), by May 18, 2011. (*See id.*)

On May 18, 2011, Plaintiff filed a "Response to Court's Order and Combined Motion for Extension of Time" (Doc. No. 53), in which Plaintiff provided the Court with "information supplied to him from an independent source, addresses which Defendant has or is living, as well as phone numbers associated with Defendant Garrett and, nine (9) names of relatives of Defendant Garrett who would have information on Defendant's precise location." (*Id.* at 1.) Plaintiff stated his belief that the information would assist the United States Marshals Service in perfecting service. Plaintiff also stated that he would continue to make efforts to secure a more definitive address for Defendant Garrett and asked for an extension of time to locate Defendant Garrett. (*See id.* at 2.) This court granted Plaintiff an extension to June 20, 2011, to provide the Court with an address at which to serve Defendant Garrett. (Doc. No. 55.)

Plaintiff now requests status of service on Defendant Garrett and apparently is under the mistaken impression that the United States Marshals Service has been attempting to serve Defendant Garrett using the information previously provided by Plaintiff. (*See* Doc. No. 59.)

Though inmates like Plaintiff, who are proceeding *in forma pauperis*, are entitled to rely on the Clerk of the Court and/or the United States Marshals Service for service of the summons and the complaint, *see Hill v. Ortiz*, No. 07–cv–00571, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008), the Court need not send the United States Marshals Service or the Clerk of the Court on a wild goose chase in search of an elusive defendant. *See Hill*, 2008 WL 2020289, at *6; *Hatten v. Freeborn*, No. 09–cv–02729–CMA–MJW, 2011 WL 1630929, at *1 (D. Colo. Apr. 29, 2011). Moreover, it is not up to the Clerk of the Court or the United States Marshals Service to search for Defendant Garrett's current address. *See Jackson v. Glazed Investments, LLC,* No. 07–cv-00421–WDM–CBS, 2007 WL 3232236, at *3 (D. Colo. Oct. 30, 2007).

Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Well over 120 days have elapsed since Plaintiff filed his Complaint, and service on Defendant Garrett has not been completed. Although Plaintiff is a *pro se* litigant, he is required to comply with the same rules of procedure governing other litigants, including Rule 4. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993). Thus, Plaintiff's failure to complete proper service on Defendant Garrett within the time

limits prescribed by Rule 4(m) is grounds for dismissal of his claims against Defendant Garrett in the absence of justification for the failure.  *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992).

Therefore, it is

**ORDERED** that Plaintiff's "Motion Requesting Status of Service on Defendant Garrett" (Doc. No. 59) is GRANTED; it is further

**ORDERED** that Plaintiff shall, on or before **July 15, 2011**, show cause in writing why the claims against Defendant Garrett should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service on Defendant Garrett.  If the response is not timely filed, the court will recommend dismissal of the claims against Defendant Garrett without further notice.

Dated this 28th day of June, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge