IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02277–CMA–KMT

STEVEN JOSHUA KARP,

      Plaintiff,

v.

KIRK G. GARRETT, Correctional Officer, Colorado Department of Corrections, and
WARDEN (NAME UNKNOWN), Denver Receiving Diagnostic Center, Colorado Department
of Corrections,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter comes before the court on Defendant Mark Broaddus's "Motion to Dismiss."

(Doc. No. 44 [Mot.], filed April 5, 2011.)  Plaintiff filed his response on May 23, 2011.

Defendant Broaddus did not file a reply.  The motion is ripe for review and recommendation.

      This matter also is before the court on this court's "Order and Order to Show Cause"

(Doc. No. 61 [OSC], filed June 28, 2011) and Plaintiff's response to the OSC.  (Doc. No. 64

[Resp. OSC], filed July 19, 2011.)

## STATEMENT OF THE CASE

      The following facts are taken from Plaintiff's Amended Complaint, the parties'

submissions with respect to this Recommendation, and the Order to Show Cause and response

thereto.  Plaintiff alleges on November 2, 2008, while he was incarcerated at the Denver

Reception Diagnostic Center (DRDC), Defendant Garrett, a corrections officer employed by the

Colorado Department of Corrections (CDOC), assaulted Plaintiff by slamming his head into a

steel door jamb, causing Plaintiff serious injury.  (Am. Compl. at 5.)  Plaintiff alleges Defendant

Garrett was charged in Denver County Court with third degree assault, and that he pled guilty to

harassment and received a suspended sentence and supervised probation.  (*Id.*)  Plaintiff asserts

claims that Defendant Garrett and Defendant Broaddus, the warden of the DRDC at the time of

the alleged incident, subjected him to cruel and unusual punishment in violation of the Eighth

Amendment.  (*Id.* at 5–6.)  Plaintiff sues Defendants in their individual and official capacities for

compensatory and punitive damages.  (*Id.* at 9.)

Defendant Broaddus moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

on the bases that (1) Plaintiff's claims against him in his official capacity are barred by the

Eleventh Amendment; (2) the Complaint fails to allege personal participation by Defendant

Broaddus; (3) the Complaint fails to state an Eighth Amendment violation against Defendant

Broaddus; and (4) Defendant Broaddus is entitled to qualified immunity.  (*See* Mot.)

## MOTION TO DISMISS LEGAL STANDARDS

### *1.*      **Pro Se** *Plaintiff*

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers

liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

2

"conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (refusing to "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (declining to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2.    *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir.

3

2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

### 3.      *Failure to State a Claim Upon Which Relief Can be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935

F.2d at 1109 (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id.* at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"
*Id.* (citations omitted).

## ANALYSIS

### *1.* *Eleventh Amendment Immunity*

Defendant Broaddus argues that, to the extent he is sued in his official capacity, he is immune from liability for damages.  (Mot. at 3–4.)  The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court.  *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  Suits against state officials in their official capacity should be treated as suits against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief.  *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007).  Moreover, a § 1983 action may only be brought against a person.  *See* 42 U.S.C. § 1983.  Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983.  *Will*, 491 U.S. at 70–71.

Plaintiff's claims for monetary relief  against the defendants in their official capacities constitute claims against the Colorado Department of Corrections.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office").  Therefore, to the extent Plaintiff asserts claims for monetary relief against the defendants in their official capacities, those claims are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction.  *See id.*; *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).

## 2.      *Personal Participation*

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  In *Ashcroft v. Iqbal*, the Supreme Court held that supervisors can only be held liable for their own misconduct.  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  Under this decision, a supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing.  *Id.*  After *Iqbal*, the Tenth Circuit has held that a plaintiff may succeed in a § 1983 suit against a defendant-supervisor by demonstrating: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Dodds v. Richardson*, 614 F.3d 1185, 1199-1200 (10th Cir. 2010) (citing *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)).  Even under pre-*Iqbal* standards, a plaintiff had to allege "a deliberate, intentional act by the supervisor to violate constitutional rights," which was present if "the defendant-supervisor personally directed

7

the violation or had actual knowledge of the violation and acquiesced in its continuance."

*Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996).  Plaintiff also had to allege an

"affirmative link" between "the constitutional deprivation and either the supervisor's personal

participation, his exercise of control or direction, or his failure to supervise," so as to establish

causation.  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (quoting *Green v.

Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)); *see also Dodds*, 614 F.3d at 1201 n.9; *Stidham

v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156-57 (10th Cir. 2001).

Finally, the state of mind required to establish a § 1983 claim based on supervisory

liability is the state of mind requirement that is tied to the underlying constitutional provision at

issue.  *Iqbal*, ___ U.S. ___, 129 S. Ct. at 1948; *Dodds*, 614 F.3d at 1204–1205.  To establish a

violation of § 1983 by a supervisor, the plaintiff must, at minimum, establish a deliberate and

intentional act on the part of the defendant to violate the plaintiff's legal rights.  *Porro v. Barnes*,

624 F.3d 1322, 1327–28 (10th Cir. 2010).

Plaintiff alleges Defendant Broaddus is responsible for the actions and inactions of his

staff and that Defendant Broaddus is responsible for training and educating his staff.  (Am.

Compl. at 6.)  Plaintiff alleges "it is abundantly obvious that [Defendant Broaddus] failed in the

necessary corrective measures to ensure that his subordinates comported" with corrective

restraint measures.  (*Id.*)

Plaintiff attributes liability to Defendant Broaddus merely based on his supervisory role.

However, Plaintiff has stated no facts to support a conclusion that Defendant Broaddus

"promulgated, created, implemented or possessed responsibility for the continued operation of a

8

policy that (2) caused the complained of constitutional harm, and (3) acted with the [deliberate indifference] required to establish the alleged [Eighth Amendment] deprivation." *Dodds*, 614 F.3d at 1199-1200.  Moreover, Plaintiff has failed to allege a deliberate and intentional act by Defendant Broaddus to violate his legal rights.  *Porro*, 624 F.3d at 1327–28.  As such, Plaintiff's claims against Defendant Broaddus should be dismissed for lack of personal participation.

**3.**     ***Qualified Immunity***

Defendant Broaddus argues that, to the extent Plaintiff is suing him in his individual capacity under § 1983, Defendant Broaddus is entitled to qualified immunity.  Whether a defendant is entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right.  Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.  With regard to this second [prong], the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful under the circumstances presented.

*Herrera v. City of Albuquerque,* 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).  "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry.  *Id.* Having concluded above that the claims against Defendant Broaddus should be dismissed, this court also determines that Defendant

Broaddus did not violate Plaintiff's Eighth Amendment rights, and Defendant Broaddus is entitled to qualified immunity.

## ORDER TO SHOW CAUSE

On September 17, 2010, Plaintiff filed his original Prisoner Complaint (Doc. No. 3) asserting claims against Defendant Garrett and the Warden of the DRDC.  On October 25, 2010, Plaintiff's case was dismissed in part and drawn to District Judge Christine M. Arguello.  (Doc. No. 5.)  On October 27, 2010, Judge Arguello issued an Order Granting Service by the United States Marshals Service.  (Doc. No. 8.)  On October 28, 2010, the Waiver of Service of Summons was returned by the CDOC because there was not enough information to identify the unknown warden, and Defendant Garrett was no longer employed by the CDOC.  (*See* Doc. No. 9.)  The CDOC did, however, provide a last known address for Defendant Garrett.  (*Id.*)  On November 15, 2010, the United States Marshals Service was again ordered to serve Defendant Garrett at the address provided by the CDOC and to serve the Warden of the DRDC.  (Doc. No. 12.)  On November 26, 2010, the United States Marshals Service provided a return of service for Defendant Garrett to the Court unexecuted, stating Defendant Garrett no longer lived at the address provided and that another family now lives at the address.  (Doc. No. 14.)

On December 28, 2010, Plaintiff filed a motion to amend his complaint (Doc. No. 21), which was granted by this court on January 18, 2011 (Doc. No. 29).  On January 18, 2011, this court issued another Order for the United States Marshals Service to serve the defendants.  (Doc. No. 32.)  On March 3, 2011, Plaintiff filed a request for clarification of this court's Order Granting Service by United States Marshals Service.  (Doc. No. 37.)  Plaintiff sought

clarification because Defendant Garrett's "name does not appear on the Certificate of Mailing as[] being served via the U.S. Marshal's [soc] Office or Delivered Electronically or Waived." (*Id.* at 37.)  The court advised Plaintiff that service of his original complaint was previously attempted, unsuccessfully, on Defendant Garrett at an address at which he no longer lives and that this court has no other address at which to serve Defendant Garrett.  (*See* Doc. No. 39.)

This court advised Plaintiff that it is his responsibility to prosecute this action and that, even if service is to be executed by the United States Marshals Service, Plaintiff must provide the court with the proper information to locate Defendant Garrett before Defendant Garrett can be required to answer to this lawsuit.  (*See id.*)  This court also advised Plaintiff that no further efforts had been made to effect service on Defendant Garrett because the court has no address at which to serve Defendant Garrett.  (*See id.*)  Finally, this court ordered Plaintiff to provide the Court with an address at which to serve Defendant Garrett in order for service to be effected, pursuant to Fed. R. Civ. P. 4(m), by May 18, 2011.  (*See id.*)

On May 18, 2011, Plaintiff filed a "Response to Court's Order and Combined Motion for Extension of Time" (Doc. No. 53), in which Plaintiff provided the Court with "information supplied to him from an independent source, addresses which Defendant has or is living, as well as phone numbers associated with Defendant Garrett and, nine (9) names of relatives of Defendant Garrett who would have information on Defendant's precise location." (*Id.* at 1.) Plaintiff stated his belief that the information would assist the United States Marshals Service in perfecting service.  Plaintiff also stated that he would continue to make efforts to secure a more definitive address for Defendant Garrett and asked for an extension of time to locate Defendant

11

Garrett.  (*See id.* at 2.)  This court granted Plaintiff an extension to June 20, 2011, to provide the

Court with an address at which to serve Defendant Garrett.  (Doc. No. 55.)

On June 21, 2011, Plaintiff filed a motion requesting status of service on Defendant

Garrett.  (Doc. No. 59.)  Plaintiff apparently was under the mistaken impression that the United

States Marshals Service had been attempting to serve Defendant Garrett using the information

provided by Plaintiff in his May 18, 2011 response.  (*See id.*)

The court advised Plaintiff that, though inmates like Plaintiff, who are proceeding *in*

*forma pauperis*, are entitled to rely on the Clerk of the Court and/or the United States Marshals

Service for service of the summons and the complaint, *see Hill v. Ortiz*, No. 07–cv–00571, 2008

WL 2020289, at *6 (D. Colo. May 9, 2008), the Court need not send the United States Marshals

Service or the Clerk of the Court on a wild goose chase in search of an elusive defendant.  *See*

*Hill*, 2008 WL 2020289, at *6; *Hatten v. Freeborn*, No. 09–cv–02729–CMA–MJW, 2011 WL

1630929, at *1 (D. Colo. Apr. 29, 2011).  Moreover, it is not up to the Clerk of the Court or the

United States Marshals Service to search for Defendant Garrett's current address.  *See Jackson v.*

*Glazed Investments, LLC,* No. 07–cv–00421–WDM–CBS, 2007 WL 3232236, at *3 (D. Colo.

Oct. 30, 2007).  The court issued an Order for Plaintiff to show cause in writing on or before July

15, 2011, why the claims against Defendant Garrett should not be dismissed without prejudice

pursuant to Fed. R. Civ. P. 4(m) for lack of service.  (Doc. No. 61.)

On July 19, 2011, Plaintiff filed his response to the Order to Show Cause.  (Doc. No. 64.)

In his response, Plaintiff argues that the Colorado Attorney General represents all state

12

employees subject to a civil action for actions or inactions during the course of the employee's

employment.  (OSC Resp. at 5.)

      As the CDOC did not waive service for Defendant Garrett, Plaintiff must comply with

the service requirements of Fed. R. Civ. P. 4 governing service on individuals.  *See* Fed. R. Civ.

P. 4(e).  Pursuant to the Federal Rules of Civil Procedure, an individual may be served in a

judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of
> general jurisdiction in the state where the district court is located or where service
> is made; or
> (2) doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual
> > personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode
> > with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to
> > receive service of process.

Fed. R. Civ. P. 4(e).  State law provides for personal service in Colorado:

> Upon a natural person whose age is eighteen years or older by delivering a copy
> thereof to the person, or by leaving a copy thereof at the person's usual place of
> abode, with any person whose age is eighteen years or older and who is a member
> of the person's family, or at the person's usual workplace, with the person's
> secretary, administrative assistant, bookkeeper, or managing agent; or by
> delivering a copy to a person authorized by appointment or by law to receive
> service of process.

Colo. R. Civ. P. 4(e)(1).  Thus, to the extent Defendant Garrett is sued in his individual capacity,

service has not been effected in accordance with either the Federal Rules of Civil Procedure or

the Colorado Rules of Civil Procedure.

To the extent Defendant Garrett is sued in his official capacity, Colorado law also provides for service on "an officer, agent, or employee of the state, acting in an official capacity, by delivering a copy thereof to the officer, agent, or employee and by delivering a copy to the attorney general."[1]  Colo. R. Civ. P. 4(e)(10)(A).  However, the CDOC is not required to accept or waive service for a <u>former</u> employee, and service on the Colorado Attorney General is not sufficient for a <u>former</u> employee.  *See* Fed. R. Civ. P. 4(e); Colo. R. Civ. P. 4(e)(10)(A); *see also Edmisten v. McKune*, No. 07-3116-JWL, 2008 WL 640483, at *1 (D. Kan. Mar. 6, 2008) (noting that defendant employer could not accept service on behalf of individuals it no longer employed).  Moreover, the Attorney General is not required to enter an appearance for a defendant who has not been served with the summons and complaint.

Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Well over 120 days have elapsed since Plaintiff filed his Amended Complaint and an order for the United States Marshals Service to serve the defendants was issued, and service on Defendant Garrett has not been completed.  Although Plaintiff is a *pro se* litigant, he is required to comply with the same rules of procedure governing other litigants, including Rule 4.  *Green v.*

---

[1]As stated above, even if Defendant Garrett had been served with the summons and complaint, the claims against him in his official capacity are subject to dismissal, as Defendant Garrett is entitled to Eleventh Amendment immunity.  *See Will*, 491 U.S. at 71.

*Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir.

1993).  Thus, Plaintiff's failure to complete proper service on Defendant Garrett within the time

limits prescribed by Rule 4(m) is grounds for dismissal of his claims against Defendant Garrett

in the absence of justification for the failure.  *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th

Cir. 1992).  Here, the court finds Plaintiff has failed to provide good cause for his failure to serve

Defendant Garrett.

   Next, the court considers whether a permissive extension of time to serve Defendant

Garrett is warranted.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995).  In his

response to the Order to Show Cause, despite his previous representations that he would

continue to make efforts to secure a more definitive address for Defendant Garrett (Doc. No. 53

at 2), Plaintiff does not provide any additional information about Defendant Garrett's

whereabouts, and instead claims that Defendant Garrett has been deliberately evasive.  (OCS

Resp. at 7.)  Additionally, the search information provided to the Court on May 18, 2011,

containing possible addresses and telephone numbers "associated with Defendant Garrett" gives

absolutely no information about dates the defendant may have lived at any of the nine addresses

provided.  (*See* Doc. No. 53.)  Finally, it appears that a person by the name of "Garrett P. Kirk"

may have lived at one or more of the addresses provided by Plaintiff.  (*Id.* at 4.)  Without more

reliable information, there is no indication that providing Plaintiff with another attempt at service

of Defendant Garrett will lead to a different result.   As previously noted, the Court need not

send the United States Marshals Service or the Clerk of the Court on a wild goose chase in

search of an elusive defendant.  *See Hill*, 2008 WL 2020289, at *6; *Hatten v. Freeborn*, No.

09–cv–02729–CMA–MJW, 2011 WL 1630929, at *1 (D. Colo. Apr. 29, 2011).  Thus, the court

will not now grant a permissive extension to serve Defendant Garrett.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

1.      Defendant Mark Broaddus's "Motion to Dismiss" (Doc. No. 44) be GRANTED,

and that the claims against him be dismissed with prejudice; and

2.      Plaintiff's claims against Defendant Garrett be dismissed without prejudice for his

failure to serve Defendant Garrett.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 1st day of August, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge