**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02277-CMA-KMT

STEVEN JOSHUA KARP,

    Plaintiff,

v.

KIRK G. GARRETT, Correctional Officer, Colorado Department of Corrections; and
MARK BROADDUS, Warden, Denver Reception and Diagnostic Center, Colorado
Department of Corrections,

    Defendants.

**ORDER ADOPTING AND AFFIRMING AUGUST 1, 2011 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case was referred to United States Magistrate Judge Kathleen M. Tafoya pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. On August 1, 2011, the Magistrate Judge issued a Recommendation (Doc. # 65), recommending that Defendant Mark Broaddus's Motion to Dismiss (Doc. # 44) be granted and the claims against him be dismissed with prejudice. The Magistrate Judge also recommended that the claims against Defendant Garrett be dismissed without prejudice because of Plaintiff's failure to serve Defendant Garrett.[1]  Plaintiff, proceeding *pro se*, filed objections to the

---

[1] On June 28, 2011, the Magistrate Judge ordered Plaintiff to show cause why the claims against Defendant Garrett should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for lack of service on Defendant Garrett. (Doc. # 61.) Plaintiff responded to the Magistrate Judge's Order on July 19, 2011. (Doc. # 64.)

Recommendation on September 12, 2011 (Doc. # 71), and Defendant Broaddus filed a Response to Plaintiff's objections on September 26, 2011.  (Doc. # 72.)

This Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, Plaintiff's Objections to the Recommendation, and Defendant Broaddus's Response to Plaintiff's objections. Plaintiff fails to raise any new issues of law or fact warranting a result different from that reached by the Magistrate Judge in her Recommendation.

Plaintiff's first objection is that the Magistrate Judge erred in dismissing his claims against Defendant Broaddus because "the mere fact that Defendant Broaddus was not at the scene of the incident does not bar him from liability when his subordinates are an extension of his Office." (Doc. # 71 at 2.)  This objection is without merit.  As the Magistrate Judge correctly noted, individual liability under § 1983 must be based on personal involvement in the alleged deprivation of constitutional rights.  *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (supervisors can be held liable only for their own misconduct); *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (holding that a plaintiff may succeed in a § 1983 case only by demonstrating: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.").  Plaintiff pled no facts showing that Defendant Broaddus personally

participated in the alleged constitutional violations; thus, the Court agrees with the Magistrate Judge that Plaintiff's claims against Defendant Broaddus should be dismissed.  Moreover, because Plaintiff relies exclusively on a theory of supervisory liability to support his § 1983 claims against Defendant Broaddus, the Court concurs that dismissal **with** prejudice is the appropriate disposition.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

Plaintiff also objects to the Magistrate Judge's recommendation that his claims against Defendant Garrett should be dismissed for failure to serve Defendant Garrett.  As Defendant Garrett did not waive service under Fed. R. Civ. P. 4(d), Plaintiff must comply with the service requirements of Fed. R. Civ. P. 4.  Plaintiff does not appear to argue that he has effectuated personal service on Defendant Garrett; rather, he contends that Defendant Garrett should be considered served because "the Office of the State Attorney General has already responded in the initial stages of this case as to Defendant Garretts [sic] conduct and his capacity to be sued."  (Doc. # 71 at 3.)  A defendant may waive the defense of insufficiency of process by filing a pre-answer motion or an answer without asserting the defense.  *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992).  However, Defendant Garrett has not filed any such pleadings, nor has the state Attorney General done so on his behalf.  Thus, the Magistrate Judge correctly found that Defendant Garrett has

3

not been properly served. Moreover, for the reasons expressed in the Magistrate Judge's Recommendation, the Court agrees that a permissive extension of time to serve Defendant Garrett is not warranted because there is no indication that granting Plaintiff more time will enable him to effectuate service on Defendant Garrett. (Doc. # 65 at 15-16.)

Based on this *de novo* review, the Court concludes that the Magistrate Judge Tafoya's thorough and comprehensive analyses and recommendations are correct. Therefore, the Court ADOPTS the Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is ORDERED that:

(1) Defendant Broaddus's Motion to Dismiss (Doc. # 44) is GRANTED, and that the claims against him are DISMISSED WITH PREJUDICE;

(2) Plaintiff's claims against Defendant Garrett is DISMISSED WITHOUT PREJUDICE for his failure to serve Defendant Garrett; and

(3) This case is DISMISSED.

DATED: October __28__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge