**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02277-CMA-KMT

STEVEN JOSHUA KARP,

    Plaintiff,

v.

KIRK G. GARRETT, Correctional Officer, Colorado Department of Corrections; and
MARK BROADDUS, Warden, Denver Reception and Diagnostic Center, Colorado
Department of Corrections,

    Defendants.

---

**ORDER GRANTING MOTION FOR EXTENSION OF TIME**

---

This matter is before the Court on Plaintiff's letter (Doc. # 77), which is being treated as a motion for extension of time to file an appeal, pursuant to the Tenth Circuit's order partially remanding this case.  (Doc. # 81.)  Judgment was entered in this 28 U.S.C. § 1983 action on October 31, 2011.  (Doc. # 75.)  Accordingly, the notice of appeal was due by November 30, 2011.  See Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a).

Plaintiff sent a letter to the Tenth Circuit, dated November 30, 2011, indicating that he wanted to appeal the final judgment of this Court.  In the letter, Plaintiff also requested an extension of time in which to appeal.  (Doc. # 77.)  The envelope in which the letter arrived shows that it was given to prison authorities on December 1, 2011, and so the notice of appeal was untimely, even applying the prisoner mailbox rule.  See Fed.

R. App. P. 4(c)(1). However, because the letter requested an extension of time in which to file an appeal, the Tenth Circuit instructed the Court to construe the letter as a motion for extension of time. So construed, Plaintiff's motion for extension of time is timely. *See* 28 U.S.C. § 2107(c) (a district court may, "upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause."); Fed. R. App. P. 4(a)(5)(a) (same). Thus, the Tenth Circuit partially remanded the matter for this Court to determine whether to grant an extension of time to appeal.

An extension of time for filing an appeal should usually not be granted absent circumstances that are "unique and extraordinary." *Bishop v. Corsentino*, 371 F.3d 1203, 1206-07 (10th Cir. 2004) (citation omitted). The good cause standard is a narrow exception that applies "in situations in which there is no fault-excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not with the control of the movant." *Id.* at 1207.

In his letter, Plaintiff requested a thirty- or sixty-day extension to file a notice of appeal. He asserts, without supporting evidence, that he was recently transferred and has not been able to access the law library. Plaintiff's lack of access to the law library, even if true, is not reason to justify an extension because a notice of appeal is just that, a notice, and does not require legal research. However, the Court observes that Plaintiff missed the deadline to file a notice of appeal by just one day. Given Plaintiff's

*pro se* status and his apparent attempt to comply with the appropriate deadlines, the Court will grant Plaintiff an additional two weeks to file a Notice of Appeal.

Accordingly, it is ORDERED that Plaintiff's letter (Doc. # 77), construed as a motion for extension of time is GRANTED. Any Notice of Appeal shall, therefore, be filed **no later than February 27, 2012**.

DATED: February __13__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge